IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE KEMP TENNILLE,<br>          Plaintiff | )<br>)<br>) | C.A. 09-238 Erie |
| v. | )<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| FRANCISCO J. QUINTANA, et al.,<br>          Defendants. | )<br>) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 37], be granted.

**II.   REPORT**

    **A.   Relevant Procedural and Factual History**

On September 15, 2009, Plaintiff Lawrence Kemp Tennille, a prisoner incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), commenced this action by filing an improper petition for writ of *habeas corpus* seeking redress for alleged constitutional violations. Following this Court's Order requiring Plaintiff to file an appropriate civil rights complaint addressing the claims contained in his purported *habeas corpus* petition, Plaintiff filed a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on January 12, 2010. [ECF No. 13]. Shortly thereafter, Plaintiff filed an amended complaint on January 25, 2010, which supersedes his original complaint. [ECF No. 18]. Named as Defendants are: Francisco J. Quintana, former Warden at FCI-McKean ("Quintana"); Rod Smith, Health Services Administrator at FCI-McKean ("Smith"); S.L. Nolan, Associate Warden at FCI-McKean ("Nolan"); Stephen D. Gagnon, Associate Warden at FCI-McKean ("Gagnon"); and Denise A.

Hale, Employee Service Manager at FCI-McKean ("Hale").

In his *pro se* amended complaint, Plaintiff claims that Defendants violated his due process and equal protection rights under the Fifth Amendment when they denied his requests to have prescription eyeglasses mailed to him by the manufacturer from whom they were purchased by his sister. (ECF No. 18, Amended Complaint, at Section III and IV.C). Plaintiff claims further that Defendants conspired to deprive him of his rights, and that the denial of his requests was "done in retaliation [for a] telephonic hearing that was conducted against staff." (Id. at Section IV.C).

On July 16, 2010, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 37], asserting, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies with regard to all of his claims and, alternatively, has failed to state a claim upon which relief may be granted, in any event. Despite having been given ample time to do so, Plaintiff has failed to file a response in opposition to the specific grounds raised in Defendants' motion.[1] This matter is now ripe for consideration.

### B.  Standards of Review
#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to

---

[1] Plaintiff did file a motion to strike Defendants' motion on August 4, 2010, challenging the United States Attorney's right to represent the Defendants in this matter because they have been sued in their individual capacities. [ECF No. 40]. Plaintiff subsequently filed a motion for extension of time to file a response to Defendants' motion, which was granted by Order of this Court, dated August 25, 2010. Plaintiff's time for filing a response was, thus, extended to September 30, 2010. Plaintiff's motion to strike was later denied by this Court on September 10, 2010, with an indication that Plaintiff's challenge would be construed as an argument in opposition to Defendants' motion. No further arguments have been presented by Plaintiff in opposition to Defendants' motion.

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

> The Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:
>> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>>
>> * * *
>>
>> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The**

> **district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers

to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff's claims against them should be dismissed for failure

to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. §

1997e(a), which provides:
> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

### 1. **Exhaustion Standard**

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that ҫ1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

required exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to State Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper

---

[4]

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

exhaustion." Jones v. Bock, 107 U.S. at 217.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3.     Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies with regard to his claims, Defendants have submitted the Declaration of Vanessa Herbin-Smith, Supervisory Paralegal at the BOP's Northeast Regional Office, who declares the following:

> 6.      [Plaintiff's] administrative remedy records reflect that although he has exhausted his available administrative remedies regarding the denial of his request to receive personally-purchased eyeglasses, which he claims violates Bureau of Prisons Program Statement 6031.01, Patient Care, he has not exhausted his available administrative remedies regarding the alleged retaliation or the alleged violation of his rights to due process or equal protection of the laws. Also, [Plaintiff's] administrative

>                 remedy filings do not reflect a belief that the denial of his request
>                 for eyeglasses was a result of a conspiracy undertaken by staff at
>                 FCI-McKean.
>
>                         *                *               *
>
>     8.          Following a search and review of [Plaintiff's] administrative
>                 remedy index, I determined that he has not exhausted his
>                 available administrative remedies with respect to conspiracy,
>                 retaliation or a violation of his due process or equal protection
>                 rights by the Defendants in this case.

(ECF No. 38-1, Declaration of Vanessa Herbin-Smith, at ¶¶ 6, 8).

Plaintiff has failed to present any argument or evidence in opposition to Defendants' exhaustion argument. Absent any evidence to the contrary, it is apparent from Ms. Herbin-Smith's Declaration that Plaintiff has failed to exhaust his administrative remedies with regard to the claims raised in this case and he is now procedurally defaulted from doing so.[5] Accordingly, summary judgment should be entered in favor of Defendants and against Plaintiff on all claims in this case, based upon Plaintiff's failure to exhaust his available administrative remedies.

## III     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to

---

[5] The Court notes that the record does reflect that Plaintiff exhausted his administrative remedies with regard to his grievance no. 538084, in which Plaintiff argued that "[t]he decision to forbid me to have my eyeglasses mailed in from the Manufacturer is in direct conflict with P6031.01, Pg. 39, ¶ 27(a)...." To the extent this grievance may be construed as raising a due process challenge, such a challenge, even if properly exhausted, would be insufficient to establish a constitutional violation. See, e.g., Bonner v. Federal Bureau of Prisons, 196 Fed. Appx. 447 at *1 (8th Cir. Aug. 22, 2006)(a violation of prison regulations in itself does not give rise to a constitutional violation), citing Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003)(no federal constitutional liberty interest in having prison officials follow prison regulations); Jackson v. Cain, 864 F.2d 1235, 1252 (5th Cir. 1989)(failure to follow own procedural regulations does not establish a violation of due process); Oriakhi v. Wood, 2006 WL 859543 at *4 (M.D.Pa. Mar. 31, 2006), citing Gibson v. Federal Bureau of Prisons, 121 Fed. Appx. 549, 551 (5th Cir. 2004)(federal prisoner's claim that BOP employee failed "to follow BOP policy... does not afford a basis for relief as a violation of prison regulations in itself is not a constitutional violation").

dismiss or, in the alternative, motion for summary judgment [ECF No. 37], be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 10, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge