IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE KEMP TENNILLE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-238-SJM-SPB |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO J. QUINTANA, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM JUDGMENT ORDER**

This civil rights action complaint was commenced on September 15, 2009 when the Clerk of Court received Plaintiff's inappropriately designated petition for writ of habeas corpus. The matter was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Pursuant to the Magistrate Judge's order, Plaintiff on January 12, 2010 filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On January 25, 2010, Plaintiff filed an amended complaint.

The Magistrate Judge's Report and Recommendation, filed on February 9, 2011 [48], recommends that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [37] be granted inasmuch as Plaintiff has failed to exhaust his administrative remedies. Plaintiff was allowed fourteen (14) days from the date of service in which to file objections. Service was made on Plaintiff by certified mail at FCI-McKean, where he is incarcerated. Plaintiff's objections [50] were filed on February 28, 2011.

Plaintiff first argues that the Defendants in this matter, having been sued in their individual capacities, are not entitled to have the U.S. Attorney's office represent them in this matter. Plaintiff previously made this same argument before the Magistrate Judge in the form of a motion [40] to strike the Defendants' pending motion to dismiss/ motion for summary judgment. The Magistrate Judge denied Plaintiff's motion to strike by text order dated September 10, 2010, opting instead to construe the motion as an argument in opposition to the pending motion. Implicitly, the Magistrate Judge rejected the argument when she recommended granting the Defendants' motion.

I likewise reject the argument. Assistant U.S. Attorneys are statutorily authorized to defend "all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. § 547(2). Moreover, pursuant to 28 C.F.R. § 50.15(a), a federal employee "may be provided representation in civil ... proceedings in which he is sued ... in his individual capacity... when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." Because this action involves claims against various employees of the Federal Bureau of Prisons based on alleged misconduct undertaken by them within the course of their official duties, this matter certainly falls within the scope of the statutory and regulatory authorization. *See also Bettwieser v. Lucas,* No. 06-CIV-0142-WFN, 2007 WL 2187057 at *2 (D. Idaho July 27, 2007) ("Where it is asserted that the individually named defendants were acting in accordance with their duties as employees of the Government, representation by the U.S. District Attorney is appropriate."); *Konigsberg v.Hunter*, 308 F. Supp. 1361, 1363 (W.D. Mo. 1970) (where suit against federal officials arose out of their employment, officials would not be required to hire their own counsel or to represent themselves).

Plaintiff next objects that the requirements of administrative exhaustion under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), have no application here inasmuch as this case is brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, Plaintiff claims, he is not complaining about "prison conditions." These objections lack merit.

Under Third Circuit precedent, it is clear that the exhaustion requirements of the PLRA have been extended to Bivens actions. *See Smith v. Federal Bureau of Prisons Director*, No. 10-3556, 2011 WL 167283 at *1 (3d Cir. Jan. 20, 2011) ("A prisoner may not bring a lawsuit based upon unconstitutional prison conditions unless he first exhausts available administrative remedies.") (*Bivens* action); *Nyhuis v. Reno*, 204 F.3d 65, 68 (3d Cir.2000) ("[Section] 1997e(a) applies equally to § 1983 actions and to Bivens actions."). Moreover, the exhaustion requirement broadly applies to all inmate suits regarding prison life, whether concerning general circumstances or particular episodes. *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Here, Plaintiff complains that the Defendants violated BOP Program Statement 6031.01, providing that "inmates may retain their eyeglasses at admission, or may obtain eyeglasses from their home upon determination of need by medical staff," when they denied his requests to have prescription eyeglasses mailed to him by the manufacturer. I agree with the Magistrate Judge that the substance of Plaintiff's complaint concerns "prison conditions" within the meaning of *Porter v. Nussle, supra. See Almahdi v. Ridge*, 201 Fed. Appx. 865, 867 (3d Cir. 2006) (noting that courts have taken a "broad view" of the term "prison conditions" when construing the PLRA's exhaustion provision, and discussing the manner in which that term has been interpreted).

Finally, Plaintiff contends that exhaustion in this case is excused by the Supreme Court's ruling in *Wolff v. McDonnell*, 418 U.S. 539 (1974). According to Plaintiff, *Wolff*

stands for the proposition that "[a]n inmate is entitled to expect the BOP to follow its own policies." (Objections [50] at p. 4.) *Wolff*, however, is factually and legally inapposite to this case. *Wolff* addressed a complaint that, among other things, a Nebraska prison's disciplinary proceedings violated due process insofar as they impacted prisoners' good-time credits and/or confinement in a disciplinary cell. Nothing about the Court's ruling in that case excuses the Plaintiff from the requirement of exhausting administrative remedies simply because his complaint concerns the alleged violation of the federal BOP policy statement. Plaintiff's remaining objections have also been reviewed by this Court and are found to be lacking in merit.

Accordingly, after de novo review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 28th Day of February, 2011;

IT IS ORDERED that the Defendants' motion to dismiss or, in the alternative, motion for summary judgment [37] be, and hereby is, GRANTED. JUDGMENT is hereby entered in favor of the Defendants and against Plaintiff Lawrence Kemp Tennille.

The Report and Recommendation of Magistrate Judge Baxter, filed on February 9, 2011 [48], is adopted as the opinion of this Court.

                                       s/    Sean J. McLaughlin

                                       SEAN J. McLAUGHLIN
                                       United States District Judge

cm:    All parties of record
        U.S. Magistrate Judge Susan Paradise Baxter